**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------- x

Othiel Rosa, Jonah Silva, and Jesus Sandoz, *on behalf of themselves and all other similarly situated*,

                               Plaintiffs,

 - against -

Veeru Dhillon; Amrik Dhillon Singh; J.K. Petroleum Inc.; Tri-State Petroleum Logistics Inc.; Bilt Petroleum Inc.; Jamaica Fuel Inc.; John Doe Defendant No. 1; and John Doe Defendant No. 2,

                          Defendants.

-------------------------------------------------------------- x

Civil Action No.

**<u>FLSA COLLECTIVE ACTION and RULE 23 CLASS ACTION COMPLAINT</u>**

**<u>Jury Trial Demanded</u>**

       Representative Plaintiffs Othiel Rosa, Jonah Silva, and Jesus Sandoz (collectively, the "Plaintiffs"), on behalf of themselves and all other similarly situated employees, as class representatives, by and through their attorney, Mohammed Gangat, Esq., file this Complaint against defendants Veeru Dhillon; Amrik Dhillon Singh; J.K. Petroleum Inc.; Tri-State Petroleum Logistics Inc.; Bilt Petroleum Inc.; Jamaica Fuel Inc.; John Doe Defendant No. 1; and John Doe Defendant No. 2 (collectively, the "Defendants"), and allege upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

**<u>NATURE OF THE ACTION</u>**

    1.    Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), they and the proposed collective action member/class members are entitled to recover from the Defendants: (1) unpaid minimum wage and overtime compensation, (2) liquidated damages on those amounts, (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

    2.    Plaintiffs further allege that, pursuant to the New York Labor Law "NYLL", they

and the proposed collective action member/class members are entitled to recover from the Defendants: (1) unpaid minimum wage and overtime compensation; (2) unpaid "spread of hours: premium for each day they worked in excess of ten (10) hours; (3) damages for failure to give required notices and wage statements; (4) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

3.      Additionally, Plaintiff Jesus Sandoz brings a claim for retaliatory termination stemming from being terminated two weeks after complaining to the Defendants of unlawful deductions from his wages, to wit, Defendants claimed Jesus Sandoz's cash register was short, and deducted from his wages on that ground.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and 28 U.S.C. §§ 1331 and 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

5.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because at the majority of the defendants reside in the district and the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

6.      Plaintiffs each reside in the State of New York and in this judicial district.

7.      Defendant Veeru Dhillon (or "Individual Defendant") is an individual residing in the State of New York.

8.      Defendant Amrik Dhillon Singh (or "Individual Defendant") is an individual residing in the State of New York.

- 20 -

9.     Defendant J K Petroleum Inc.; is a domestic corporation organized under the laws of the State of New York.  As of the present date, the corporation is listed as "active" with the New York Department of State and as having an address of 98 Jewett Avenue, Staten Island, NY 10302.

10.     Defendant Tri-State Petroleum Logistics Inc.; is a domestic corporation organized under the laws of the State of New York. As of the present date, the corporation is listed as "active" with the New York Department of State and as having an address of 98 Jewett Avenue, Staten Island, NY 10302.

11.     Defendant Bilt Petroleum Inc., is a domestic corporation organized under the laws of the State of New York.  It is an entity used to operate a gas station located at 1081 Leggett Ave, Bronx, NY.

12.     Defendant Jamaica Fuel Inc. is a domestic corporation organized nuder the laws of the State of New York.  It is an entity used to operate several gas stations located throughout the State of New York, including a station located at 292 Ashburton Avenue, Bronx, NY.

13.     John Doe Defendant No. 1 (or "Individual Defendant") is an individual, identity not presently known other than as "Karan" and either the son or nephew of defendant Veeru Dhillon.

14.     John Doe Defendant No. 2 (or "Individual Defendant") is an individual, identity not presently known other than as "Gary" and either the son or nephew of defendant Veeru Dhillon.

15.     The individual defendants are in the business of selling gas, which they source from unknown suppliers, and then store that in their own centralized tank facilities, and then distribute that gas to retail gas stations they operate, which then sells to end-users.

- 20 -

16.     Defendants' business constitutes a single integrated enterprise under the FLSA and NYLL.

17.     This enterprise employs at least 50 gas station employees who are subject to the violations of the FLSA and NYLL alleged herein.

18.     The Individual Defendants are responsible for and had at all times, the authority to hire, fire, and set rates of pay and hours of work, for all Plaintiffs.

19.     The enterprise used a centralized office, employing an administrative-level employee known as "BK".

20.     BK copied individual defendant Veeru Dhillon on emails to Plaintiffs concerning the employment.

21.     The Individual Defendants actively participated in the day-to-day operations of the enterprise and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law§ 2 and the Regulations thereunder, and is jointly and severally liable with the Corporate Defendants.

22.     Upon information and belief, the management and other business functions of each Corporate Defendant are centrally controlled by the Individual Defendants.

23.     Upon information and belief, the Individual Defendants had control over and the power to change compensation practices for all employees working for the enterprise.

24.     Upon information and belief, the Individual Defendants had the power to determine employee policies for employees of the enterprise, including, but not limited to, time-keeping, payroll policies, etc.

25.     Upon information and belief, at all times relevant to the allegations in this

Complaint, the Defendants are and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA in that Defendants (i) have and had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) have and had an annual gross volume of sales of not less than $500,000.

26.    Defendants continuously employed Plaintiffs to work as non-exempt employees.

27.    The work performed by Plaintiffs was essential to the businesses operated by Defendants.

28.    Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned wages for each hour of employment in direct contravention of the FLSA and New York Labor Law's minimum wage requirements.

29.    Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

30.    Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

31.    Plaintiffs have satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

32.    Plaintiffs were gas station attendants.  In that role, they were responsible for pumping gas, collecting money, tracking inventory, accepting deliveries, paying vendors and other miscellaneous items of work.

33.    Plaintiffs worked at a gas station located at 292 Ashburton Ave, Bronx, New York.

- 20 -

34.    Plaintiffs know this station to be owned and operated by defendant Veeru Dhillon and the John Doe Defendants, known to Plaintiffs as Karan and Gary, either sons or nephews of Veeru Dhillon.

35.    Plaintiffs are aware that the Dhillon family owns and operates several gas stations, including a station located at 1081 Leggett Avenue.  Mr. Dhillon and his sons/nephews routinely mentioned to Plaintiffs their ownership in the gas stations.

36.    During Plaintiffs' employment, a new employee named "Jassy" came to work at the 292 Ashburton Avenue station.  He stated he worked for the Dhillon family at the station located at 1081 Leggett Avenue and had just been transferred to come work at 292 Ashburton Avenue.

37.    Jassy confirmed for Plaintiffs that the employment practices at the Dhillon family's gas stations were uniform in the following regards: (i) Gas station attendants were paid hourly, at a rate below the applicable minimum wage; (ii) Gas station attendants were not paid overtime: (iii) Gas station attendants were not provided meal and rest breaks on a regular and uninterrupted basis; (iv) Gas station attendants were not paid spread of hours pay; (v) Gas station attendants were not provided a pay stub; and (vi) Gas station attendants were not provided a wage notice.

38.    Plaintiffs were victim of each of the aforementioned illegal employment practices.

39.    Plaintiff Othiel Rosa's employment began in or about March 2019.  The employment ended on or about June 29, 2020.  He routinely worked in excess of 40 hours per week.  For example, the week of May 19-25, 2019, he worked 8 hours on Sunday, 8 hours on Monday, 16 hours on Tuesday, 8 hours on Wednesday, 8 hours on Thursday, and 9 hours on

Friday, for a total of 57 hours.  Plaintiff paid $10 per hour in the beginning and for the

majority of the employment.  Plaintiff Rosa may have received a raise of $1 or 2 at some

point.  He was paid the $10 hourly rate (or whatever it was raised to, either $1 or $2) for all

hours, with no other compensation, and with no overtime premium for hours worked in excess

of forty hours per workweek.

      40.     Plaintiff Rosa routinely worked an extra-long shifts which spanned more than

ten hours.  For example, on or about January 18, 2020, Plaintiff Rosa worked a shift from

6am-11pm.  Plaintiff Rosa was not paid spread of hours pay for these shifts.  Instead he was

paid only an hourly rate, and that was about $10-12 for all hours worked.

      41.     Adding insult to injury, Defendants told Plaintiff Rosa that when he worked

these extra-long shifts, he was not to take any breaks because Rosa was the only one on the

shift and the business "can have no down time during business hours".

      42.     Plaintiff Jonah Silva's employment began in or about February 2019. The

employment ended on or about June 29, 2020.  He routinely worked in excess of 40 hours per

week.  He started at $9 per hour and then was increased to $10 per hour.  He was paid these

hourly rates for all hours, with no other compensation, and with no overtime premium for

hours worked in excess of forty hours per workweek.

      43.     Plaintiff Jesus Sandoz's employment began in or about March 2017. In the

beginning, he was working Monday Wednesday Thursday 6am to 11pm, and paid $10 per

hour.  He was not paid for all hours because he was only paid until the time the pumps were in

operation, but in fact, at the end of his shift, he would have to close the pumps for operation,

and continue to work to complete several required end of shift tasks, including count and log

all money and receipts, read pump meters and log readings, calculate total sales, place money

into safe, close down the rest of the store, including locking office, and closing gates, clean

any miscellaneous messes. Between January and June 2018, Jesus took a hiatus for the

employment.  When he came back his schedule changed to Saturday Sunday, 6am to 11pm.

44.    Plaintiffs at all relevant times were covered employees within the meaning of

the FLSA and NYLL.

45.    At no point did Defendants inform Plaintiffs of the minimum wage or

overtime provisions of the FLSA or the NYLL.

46.    Defendants knowingly and willfully operated their business with a policy of not

paying Plaintiffs and other similarly situated employees either the federal or New York State

minimum wage, the FLSA overtime rate (of time and one-half), and the New York State

overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law

and the supporting federal and New York State Department of Labor Regulations.

47.    Defendants knowingly and willfully operate their business with a policy of not

paying Plaintiffs and other similarly situated employees "spread of hours" premium for each

day that they work a shift in excess of ten (10) hours, in direct violation of the New York

Labor Law and the supporting New York State Department of Labor Regulations.

48.    Defendants did not furnish Plaintiffs with an accurate statement with every

payment of wages, listing gross wages, deductions and net wages as required by New York

Labor Law § 195.

49.    Defendants failed to display, in a place accessible to employees and in a visually

conspicuous manner, the notices of employee rights to receive the minimum wage and overtime

pay at a rate of one and one-half times their regular rate as required under the New York Labor

Law.

50.    Defendants failed to display, in a place accessible to employees and in a visually

conspicuous manner a copy of New York Labor Law § 193 regarding the prohibition on illegal deductions from wages.

51.     Defendants failed to provide written notice concerning the terms of a commission program under which employees were eligible to receive commissions.

52.     There is no written contract or other written document, signed or otherwise, reflecting the terms of the commissions program offered and administered by Defendants.

53.     Defendants failed to timely pay commissions earned within the time required by the New York Labor Law.

## COLLECTIVE ACTION ALLEGATIONS

54.     Plaintiffs bring this action individually and as class representative on behalf of the "Proposed FLSA Collective" defined as:

> all current and former gas station attendants at any of the Defendants' gas stations located in the State of New York.

55.     Upon information and belief, the total number of members of the proposed collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than fifty (50) Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiffs submit that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

56.     Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in

- 20 -

conflict with those members of this collective action.

57.     This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

58.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

59.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

a.   Whether the Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA;

b.    Whether the Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiffs and the Collective Action Members;

c.   What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.   Whether the Defendants' violations of the FLSA are willful as that term is used

within the context of the FLSA; and,

e.  Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

f.  Whether the Defendants failed to pay Plaintiffs and the Collective Action Members minimum wages for all hours worked; and

g.  Whether the Defendants failed to pay Plaintiffs and the Collective Action Members for hours worked in excess of 40 hours per workweek.

60.  Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

61.  Plaintiffs and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## CLASS ACTION ALLEGATIONS

62.  Plaintiffs sue on their own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

63.  In addition to bringing this action as a proposed collective action to remedy violations of the FLSA, Plaintiffs also bring this action on behalf of a "Proposed Rule 23 Class", under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, and consisting of:

> all current and former gas station attendants at any of the Defendants' gas stations located in the State of New York.

64.  Upon information and belief, the persons in the Proposed Class are so numerous that joinder of all members is impracticable. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendants, the Proposed Class consists of all non-

managerial current and former employees and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

65.    The claims of Plaintiffs are typical of the claims of the Proposed Class, and a Rule 23 class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

66.    The Defendants have acted on grounds generally applicable to the Proposed Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Proposed Class as a whole.

67.    Plaintiffs have committed themselves to pursuing this action and has retained counsel experienced in employment law and class action litigation.

68.    Plaintiffs will fairly and adequately protect the interests of the Proposed Class. Plaintiffs understand that, as a class representatives, they assume a fiduciary responsibility to the Class Members to represent their interests fairly and adequately, and that they must consider their interests just as he would represent and consider their own interests, and that they may not favor their own interests over those of the Class Members.

69.    Plaintiffs recognize that any resolution of a Rule 23 class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class. Plaintiffs understand that in order to provide adequate representation, they must remain informed of litigation developments and that they may be called upon to testify in depositions and at trial.

70.    Plaintiffs have the same interests in this matter as all other members of the Proposed Class, and Plaintiffs' claims are typical of the Proposed Class.

71.    There are questions of law and fact common to the Proposed Class which predominate over any questions solely affecting the individual members of the Proposed Class, including but not limited to:

a.    Whether the Defendants employed Plaintiffs and the Class members within the meaning of the New York Labor Law;

b.    Whether the Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiffs and the Class members;

c.    What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.     Whether the Defendants failed to pay Plaintiffs and the Class members the applicable minimum wage for all straight time hours worked and the required overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;

e.    Whether the Defendants failed to pay Plaintiffs and the Class members "spread of hours" premium for each day they worked a shift in excess of ten (10) hours, in violation of the New York Labor Law and the regulations promulgated thereunder;

f.    Whether Defendants' violations of the New York Labor Law are willful as that term is used within the context of the New York Labor Law; and,

g.    Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs, attorneys' fees, and costs and disbursements.

## STATEMENT OF CLAIM

### COUNT I: FLSA – Minimum Wage and Overtime
*Brought on behalf of Plaintiffs and the Proposed FLSA Collective*

72.    Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

73.    Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

74.    At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and the Proposed FLSA Collective members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

75.    At all relevant times, Defendants employed Plaintiffs and the Proposed FLSA Collective members within the meaning of the FLSA.

76.    Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

77.    Plaintiffs and the Proposed FLSA Collective members were entitled to be paid at the applicable federal minimum wage for all straight time hours worked.

78.    Plaintiffs and the Proposed FLSA Collective members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

79.    Defendants failed to pay Plaintiffs and the Proposed FLSA Collective members minimum wage or overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

80.     At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay minimum wage.

81.     At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and the Proposed FLSA Collective members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(l) and 215(a).

82.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and the Proposed FLSA Collective members at the minimum wage and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wage and overtime compensation would financially injure Plaintiffs and the Proposed FLSA Collective

83.      Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21 l(c) and 215(a).

84.     Defendants failed to properly disclose or apprise Plaintiffs and the Proposed FLSA Collective members of their rights under the FLSA.

85.     As a direct and proximate result of Defendants' violation of the FLSA, Plaintiffs and the Proposed FLSA Collective members are entitled to liquidated damages pursuant to the FLSA.

86.     Due to the reckless, willful and unlawful acts of Defendants, Plaintiffs and the Proposed FLSA Collective members suffered damages in an amount not presently ascertainable

of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

87.    Plaintiffs and the Proposed FLSA Collective members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II: NYLL – Minimum Wage, Overtime, Spread-of-Hours Pay
### *Brough on behalf of Plaintiffs and the Proposed Rule 23 Class*

88.    Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

89.    Defendants employed Plaintiffs and the Rule 23 Proposed Class members within the meaning of New York Labor Law §§ 2 and 651.

90.    Defendants knowingly and willfully violated the rights of Plaintiffs and the Rule23 Proposed Class members by failing to pay Plaintiffs and the Rule 23 Proposed Class members the applicable minimum wage for all straight time hours worked and required overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

91.    Employers are required to pay a "spread of hours" premium of one (1) additional hour' s pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours. New York State Department of Labor Regulations § 146-1.6.

92.    Defendants knowingly and willfully violated the rights of Plaintiffs and the Rule 23 Proposed Class members by failing to pay "spread of hours" premium to Plaintiffs and the Rule 23 Proposed Class members for each day they worked in excess of ten (10) hours pursuant to New York State Department of Labor Regulations.

93.    Defendants failed to properly disclose or apprise Plaintiffs and the Rule 23 Proposed Class members of their rights under the New York Labor Law.

94.    Defendants failed to furnish Plaintiffs and the Rule 23 Proposed Class members

with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

95.     Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

96.     Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law§ 194(4), and New York State Department of Labor Regulations§ 146-2.1.

97.     At the time of their hiring, Defendants failed to notify Plaintiffs and the Rule 23 Proposed Class members of their rates of pay and their regularly designated payday, in contravention of New York Labor Law § 195(1).

98.     Due to the Defendants' New York Labor Law violations, Plaintiffs and the Rule 23 Proposed Class members are entitled to recover from Defendants the difference between their actual wages and the amounts that were owed under the New York Labor law. The deficiency accounts for minimum wage for all straight time hours, overtime compensation for all overtime hours, "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law§§ 663(1), 198.

99.     Plaintiffs and the Rule 23 Proposed Class members are also entitled to liquidated damages pursuant to New York Labor Law§ 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

## COUNT III: NYLL - Annual Wage Notice and Periodic Wage Statements
### *Brough on behalf of Plaintiffs and the Proposed Rule 23 Class*

100.    Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

101.    Defendants have willfully failed to supply Plaintiffs and the members of the Rule 23 Class with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiffs and the members of the Rule 23 Class as their primary language, containing Plaintiffs' and the members of the Rule 23 Class' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

102.    Through their knowing or intentional failure to provide Plaintiffs and the members of the Rule 23 Class with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

103.    Defendants have willfully failed to supply Plaintiffs and the members of the Rule 23 Class with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including

overtime hours worked if applicable; deductions; and net wages.

104.    Through their knowing or intentional failure to provide Plaintiffs and the members of the Rule 23 Class with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

105.    Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiffs and the members of the Rule 23 Class are entitled to statutory penalties of fifty dollars each day that Defendants failed to provide Plaintiffs and the members of the Rule 23 Class with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive anddeclaratory relief, as provided for by NYLL, Article 6, § 198(1-b ).

106.    Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiffs and the members of the Rule 23 Class are entitled to statutory penalties of two hundred fifty dollars for each workweek that Defendants failed to provide Plaintiffs and the members of the Rule 23 Class with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

### COUNT IV: NYLL-(Retaliation)
### *Brought on behalf of Plaintiff Jesus Sandoz*

107.    Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

108.    Defendants violated the NYLL § 215(a)(3) when they terminated Plaintiff Jesus Sandoz's employment in retaliation for his complaint to management concerning illegal deductions from his wages.

- 20 -

## **PRAYER FOR RELEIF**

**WHEREFORE**, Plaintiffs, on behalf of themselves and all similarly situated Collective Action Members and Class members, respectfully request that this Court grant the following relief:

i.   That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendants as hourly service workers at one of their locations, and of their right to join this lawsuit if they belief they were denied proper wages;

ii.   An award for unpaid minimum wage and unpaid overtime compensation due under the FLSA and New York Labor Law;

iii.   An award of unpaid "spread of hours" premium due under the New York Labor Law;

iv.   An award of unpaid commissions due under the New York Labor Law;

v.   An award of liquidated damages as a result of Defendants' failure to pay minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

vi.   An award of liquidated damages as a result of Defendants' failure to pay minimum wage compensation, overtime compensation and "spread of hours" premium pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

vii.   An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;

viii.   Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

ix.   Designation of Plaintiffs as representatives of the Rule 23 Class, and counsel of record as Class Counsel;

x.   An injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL

xi.   An award of prejudgment and post-judgment interest;

xii.   An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. 216(b) and the NYLL; and

xiii.   Such other and further relief as this Court determines to be just and proper.

**JURY DEMAND**

Pursuant to FRCP 38 Plaintiffs demand trial by jury on all issues.

Dated: New York, New York
      August 13, 2020               **LAW OFFICE OF MOHAMMED GANGAT**

By: _____
                      Mohammed Gangat, Esq.
                      675 3rd Avenue
                      Suite 1810
                      (718) 669-0714
                      mgangat@gangatllc.com

                      *Attorneys for Plaintiffs and the FLSA Proposed*
                      *Collective and Rule 23 Proposed Class*